IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Belton Harris, Jr., #96616-071, | ) | C/A NO. 9:05-2595-CMC-GCK |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| United States of America; John J. LaManna, | ) | |
| Warden; and Henry Dargan McMaster, | ) | |
| Attorney General of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner, a federal inmate proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2254. Petitioner challenges his state convictions, which became final in 1994.[1] Petitioner filed the § 2254 petition in this court on September 7, 2005.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge George C. Kosko for pre-trial proceedings and a Report and Recommendation. On September 16, 2005, the Magistrate Judge issued a Report recommending this Petition be dismissed without requiring Respondents to file a return. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report and Recommendation on September 30, 2005.

---

[1] Petitioner was convicted on federal charges in this district in 1999. He was sentenced by the Honorable Matthew J. Perry, Jr. Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in 2003, which was denied. Petitioner now seeks to attack his state court convictions which were used in calculating Petitioner's sentence under the then-mandatory federal sentencing guidelines.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court determines Petitioner's objections have no merit. This § 2254 petition is time-barred. Under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (AEDPA), the limitation period for § 2254 petitions runs from the latest of:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such State action;

> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1). Petitioner argues that his Petition is somehow timely because he filed post-conviction proceedings in 2001 and the South Carolina Supreme Court completed its review of those proceedings in September, 2004. Petitioner makes no successful showing why the AEDPA one-year statute of limitations period, which would have expired for Petitioner in April, 1997, should not be applied to his petition.[2] Rule 4 of the Rules Governing Section 2254 cases instructs that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." As noted by the Fourth Circuit, "[t]he text of the rule not only permits a district court to dismiss *sua sponte* an action in which 'it plainly appears . . . that the petitioner is not entitled to relief,' but directs it to do so, even in the absence of a responsive pleading from the state." *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002).

In contemplating a *sua sponte* dismissal of a § 2254 petition, the Fourth Circuit has directed that "the district court should afford an opportunity for the habeas petitioner to respond before the case is dismissed." *Hill*, 277 F.3d at 706. Petitioner has been given an occasion to respond to the

---

[2] Because Petitioner's conviction became final prior to the enactment of the AEDPA, Petitioner would have had one year from its enactment date to file his petition. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998).

3

Magistrate Judge's recommendation of dismissal, thereby satisfying this directive. Petitioner has failed to advance any legally meritorious reason why this petition should not be dismissed as untimely. Therefore, the court adopts that portion of the Report and Recommendation which recommends that this Petition be dismissed as untimely.[3]

**IT IS THEREFORE ORDERED** that this matter is dismissed with prejudice as it is untimely. Respondents shall not be required to file a return.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 18, 2005

C:\temp\notesE1EF34\05-2595 Harris v. USA e adopt rr dism as untimely.wpd

---

[3] The Report and Recommendation contains an additional conclusion that "Petitioner has already presented his § 2254 claims to this Court in the context of his quest for § 2255 relief. His claims have been rejected by this Court and by the United States Court of Appeals for the Fourth Circuit." Report & Recommendation at 5, filed Sept. 16, 2005. The court declines to adopt this portion of the Report and Recommendation. Judge Perry, who presided over Petitioner's § 2255 petition, declined to allow Petitioner to amend his § 2255 petition to include Petitioner's claim of forged indictments and did not address Petitioner's claim of state trial counsel's conflict of interest. Additionally, Petitioner did not present an argument in his § 2255 motion that his state convictions were not felony convictions.

4